The opinion of the court was delivered by
Mare, J.
In J une, 1871, the Factors’ and Traders’ Insurance Company recovered judgment in the Sixth District Court, with recognition *101 of mortgage and privilege, against Laure Blanque, on her three promissory notes, one for $3000 and two for $2250 each, with interest, the first secured by a mortgage dated fifth September, 1865, the others by a mortgage dated fifteenth February, 1869, on the same property, the undivided interest of the mortgagor in certain houses and lots in New Orleans, which she held in common with her co-heirs.
Laure Blanque set up formidable defenses to this suit, charging fraud and an abuse of his trust by her agent who executed these notes and mortgages ; and she appealed from the judgment against her. This court reversed the judgment; but, on rehearing, set aside its original decree, and affirmed the judgment of the district court, on the ground that the giving of the notes and mortgages was authorized by the power; “ and that was all that the lender (of the money) had to be satisfied of.” See decree, fourth January, 1875, No. 3485 of the docket, not reported.
On this judgment execution issued: the mortgaged property was seized and offered for sale; and, two thirds of the appraisement not having been bid, it was sold on the twenty-fourth April, 1875, on twelve months’ credit, and adjudicated to the plaintiff in execution, the Factors and Traders’ Insurance Company.
On the twenty-second April, two days before this sale, Mathieu M. DeBlanc filed his petition of intervention and third opposition, alleging that he was holder and owner of two of the three notes secured by the mortgage of fifth September, 1865, one for $400, the other for $600 ; and of two other notes, one for $600, secured by a mortgage of thirteenth March, 1868, and one for $2000, secured by a mortgage of twenty-second April, 1868, all resting on the same property ; that the note for $3000, one of those on which the plaintiff in execution had obtained the judgment under which the sheriff was about to sell the mortgaged property, was paid by the maker at maturity, and the mortgage by which it was secured extinguished pro tanto; and that the mortgages securing the notes held by opponent were superior in rank to any that plaintiff may have on the property. He prayed that the sheriff be ordered to retain in his hands, subject to the order of the court, the proceeds of the sale; and for judgment ordering the payment of the aggregate sum due him out of the proceeds, in preference to plaintiff, and all other creditors.
The court granted the order, requiring the sheriff to retain out of the proceeds a sufficient amount to satisfy opponent’s claim, “until further orders.” The plaintiff company put this opposition at issue on the seventh May; and on the sixth January it was discontinued, on motion of opponent’s attorneys.
On the same day that this discontinuance was entered in the Sixth District Court, DeBlanc filed a petition in the Fourth District Court, and *102 'Obtained a writ of seizure and sale on the notes and mortgages set up -and described in this intervention and third opposition: and the sheriff ■■seized and advertised the property for sale, ignoring the previous sale • and adjudication to the Factors’ and Traders’ Company.
On the fifteenth January DeBlane took a rule on the Recorder of ’Mortgages and the Insurance Company to show cause why the mortgage of fifth September, 1865, should not be canceled and erased, so far as the $3000-note was concerned, on the ground that it was paid to the original mortgagee at maturity.
This rule was put at issue by exception and answer ; the insurance company alleging that the notes held by DeBlane had been paid, and afterward re-issued without consideration; and that the indorsements were not genuine, but had been forged. The court ordered a trial by jury; and a few days after, on the eighth of February, the rule was discontinued.
The property was advertised for sale by the sheriff under DeBlanc’s writ of seizure and sale, on the nineteenth February ; and on that day the Factors’ and Traders’ Insurance Company brought this suit, and obtained an injunction against further proceedings under the writ!
The petition sets out the judicial proceedings under which the company claims: the opposition of DeBlane: the giving of the twelve-months bond for the price of the adjudication, and the recording of that bond in the mortgage office: the registry of theproces verbal of the sheriff’s sale and adjudication in the conveyance office: the continuous possession by the company under the adjudication, and a subsequent judicial partition between the plaintiff and.the other co-proprietors: the payment by the plaintiff of a large sum for State and city taxes on the property: that there were taxes unpaid, which plaintiff had been unable to pay, although exercising the greatest diligence; and that this was the •cause of plaintiff’s failure to obtain a deed from the sheriff in confirmation of the adjudication.
The answer of DeBlane reiterates the allegation that the $3000-note had been paid at maturity, arid thereby extinguished. It also alleges that plaintiff had not recorded any deed or title to the property : that respondent’s mortgage contains the pact de non alienando; and that the sale and adjudication were void, inasmuch as respondent’s mortgages were and still are first in rank, and exceed the amount of the adjudication. It concludes with a prayer for the dissolution of the injunction with damages; and that the mortgage to secure the $3000-note be canceled and erased.
The judgment of the district court perpetuated the injunction, reserving to defendant the right, if any he have, to claim, by opposition •Or otherwise, the proceeds of the sale by the sheriff under the judgment *103 ■of the Sixth District Court; and also his right to filaim, in a direct ¿action, the nullity of that sale. This is the judgment which the appeal .taken by defendant requires us to review.
The mortgage of fifth September, 1865, was given to secure three ’■notes, aggregating $1000, of which plaintiff held one for $3000, and defendant held two, one for $100, the other for $600. The holders, therefore, were concurrent mortgage creditors, and not third persons with respect to their rights under that mortgage. This mortgage bore upon the entire property of the mortgagor covered by the subsequent mortgages of March and April, 1868, and February, 1869. It was the first mortgage in date and rank ; and it had been preserved by the original inscription on the day of its date, fifth September, 1865, and by re-inscription on the twenty-seventh August, 1875. Plaintiff proceeded against the mortgagor by petition and citation, and obtained a judgment contradictorily, and in the ordinary form. In execution of that judgment the sheriff seized and sold the entire mortgaged property, and adjudicated it to the plaintiff. The price of the adjudication, deducting the costs, was not sufficient to pay one third of the debt and interest secured by -the first mortgage; and no part of the price could be applied to the subsequent mortgages until the amount due under the first mortgage had been fully paid. It would be a waste of time, therefore, to enter úpon any inquiry as to the rights of the parties under the subsequent mortgages until their rights under the first mortgage have been disposed of.
A judgment rendered as this was, between the mortgagor and the 'holder of one of the mortgage notes, after a serious contest and a protracted litigation, can not be treated as a nullity; nor can it be ignored by any person’whomsoever. It might be attacked for nullity; but that must be done in a direct action, and in the court in which it was rendered. Rhodes vs. Union Bank, 7 Rob. 63; David vs. Cabouret, 1 An. 171. A sale by the sheriff in execution of such a judgment might be attacked for nullity; but that must be done directly, not collaterally, where the nullity is not patent and absolute. Lawrence vs. Birdsall, 6 An. 688 ; Gillis vs. Carter, 29 An. 701.
The adjustment and ranking of conflicting mortgage claims fall •within the jurisdiction of the court from which the process issued under which the sale of the mortgaged property was made, and would not be •cognizable, originally, in any other tribunal. Adams vs. Daunis, 29 An. 320 ; Buckner vs. Wisdom, 31 An. 52 ; Rev. Stats. 1942, 2903.
One can not claim, judicially, the proceeds of a judicial sale, and afterward attack that sale for nullity. The demand for the proceeds is the judicial admission of the legality of the sale. Boubede vs. Aymes, 29 An. 275 ; and the declaration which one makes in a judicial proceeding is full proof against him ; and it can not be revoked unless it be *104 proved to have been made through an error of fact. R. C. C. 2291. Nor can one who has judicially asserted a fact, as the basis of a right touching the subject matter in controversy, be permitted to change his position, and to assert the contrary. Guidry vs. Conner, 4 An. 416 ; Denton vs. Erwin, 5 An. 18 ; Bender vs. Belknap, 23 An. 765 ; Gervin vs. Beaird, 26 An. 630.
If the sale under the judgment of the Sixth District .Court was not valid, it must nevertheless have its effect until it has been annulled judicially, in a direct action ; and as the validity of the sale depends upon the validity- of the judgment, the attack must be in the Sixth District. Court. If the sale was valid, the rights of the plaintiff and defendant are concurrent under the first mortgage; and are restricted to the prorata distribution of the proceeds.
The defendant by his intervention and third opposition admitted, in a judicial proceeding, a judgment and execution upon that judgment* under which a sale was about to be made, from which proceeds would come into the hands of the sheriff, which proceeds he claimed by preference. As he continued that opposition and claim of the proceeds by preference for more than eight months after the sale was made, he thereby re-affirmed the admission which he had made before the sale ;. since, without a legal and valid sale there could have been no proceeds in the hands of the sheriff for distribution. The allegation that the note for $3000 was paid at maturity, and the mortgage extinguished pro tanto* was absolutely inconsistent with his claim of the proceeds, because a sale under an extinguished mortgage would be illegal and tortious; and as he claimed the proceeds and did not demand the nullity of the sale, he irrevocably elected to treat the sale as legal and valid. His subsequent discontinuance of the opposition in no manner impaired the force- and effect of his admission, nor did it enable him to assert the nullity of the sale, or to deal with it as a nullity, in a subsequent proceeding touching the same property.
The difficulty in paying the taxes on the property, and obtaining the sheriff’s deed, is probably attributable to the fact that the assessments were upon the entire property held in indiviso by the mortgagor and her co-proprietors, and the necessity of ascertaining and apportioning the amount. The prooes verbal of the sale and adjudication, a good title in itself, was registered in the conveyance office on the tenth February, 1876. This, however, was not important in this case ; because the mortgage first in rank was recorded ; and it protected plaintiff against any junior incumbrance until the sheriff’s, sale was perfected. We are far from assenting .to the proposition that a concurrent mortgage credit- or, after a judicial sale of the property, under a judgment in personam against the mortgagor, with a recognition of the mortgage rights and *105 privileges of the plaintiff, could disregard that sale, and proceed against, the mortgage property, whether the title of the adjudicatee had or had. not been registered.
We have no doubt but that defendant was concluded, so far at least-as the proceeding by executory process is concerned, by his intervention, and third opposition ; and we are satisfied that the judgment and the sale are conclusive against all persons whomsoever, until they are annulled, contradictorily with the plaintiff, in an action brought directly* for that purpose in the court in which the judgment was rendered.
The judgment appealed from is, therefore, affirmed with costs.
Rehearing refused.